**SO ORDERED.**

**SIGNED this 28 day of March, 2006.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FE ESPERANZA JOSLIN, | ) | Case No. 04-16168 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**MEMORANDUM OPINION**

The chapter 7 trustee objects to the unsecured claim of creditor B-Line, LLC ("B-Line") for debtor's obligation on a credit card account, on the basis that insufficient documentation is attached to the proof of claim. B-Line responds that insufficient documentation of a claim is not a basis under 11 U.S.C. § 502 for disallowance of the claim. After receiving legal memoranda from B-Line and the trustee, the Court took the matter under advisement.[1]

_____

[1] Unless otherwise noted, all statutory references are to the Bankruptcy Code, Title 11, United States Code.

1

Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The Court has jurisdiction over this contested matter under 28 U.S.C. § 157(b)(1) and § 1334(b).[2]

Factual Background

Debtor filed her chapter 7 petition on November 8, 2004. She listed two debts on two different accounts to MBNA America on Schedule F, one in the amount of $23,736.13 and one in the amount of $22,381.00.[3] In addition to scheduling MBNA America, the debtor also listed several other entities as "[a]ssignee or other notification for: MBNA America," but none of those listed was B-Line. Debtor did not designate either debt as disputed, unliquidated, or contingent. Because debtor's case was originally noticed as a "no-asset" case, no deadline to file a proof of claim in debtor's bankruptcy was set. Later, the trustee filed a notice of late discovered assets and the case was renoticed, setting a claim bar date of July 22, 2005.

On June 7, 2005, B-Line timely filed a proof of claim in the amount of $20,881.67 on debtor's account ending with the 4-digit number of 1086.[4] The Court notes that this account number does not match either of the MBNA accounts scheduled by debtor. The name of the creditor was identified as "B-Line, LLC/Collect America/MBNA America Bank, N.A." Apparently, MBNA America assigned its claim to Collect America which in turn transferred the claim to B-Line.[5] B-

---

[2] *See* Fed. R. Bankr. P. 3007 and Fed. R. Bankr. P. 9014, Advisory Committee Notes.

[3] The $23,736 debt was identified as a consumer debt on an account ending with the 4-digit number of 9766 and the $22,381 debt was identified as a consumer debt on an account ending with the 4 digit number 6725. *See* Dkt. 1, Schedule F.

[4] Proof of Claim No. 3.

[5] *See* Proof of Claim No. 3 and Dkt. 27. It is not apparent from the assignment documents presented to the Court whether one or both account debts listed in Schedule F were

2

Line indicated that its claim was unsecured. B-Line utilized Official Form 10 and signed the proof of claim. Attached to the Official Form 10 was a document titled Account Summary that identified the debtor, the balance due, the last payment on the account (7/21/03) and the amount of that payment ($426), and the original creditor, MBNA America. The Account Summary also listed the "last purchase date" and "last purchase amount," but no date was provided and the amount was shown as $.00. No account statements, transaction history or credit card agreement were attached to the proof of claim form.

On October 21, 2005 the trustee filed an objection to B-Line's Claim No. 3 on the ground that it lacked sufficient documentation. B-Line filed a response and the matter was set on the Court's monthly motion docket. At the hearing on the objection to claim, the Court established a briefing schedule, after which it would take the matter under advisement. On January 18, 2006, after the parties submitted their briefs, B-Line and its predecessor-transferor Collect America filed a joint notice of transfer of claim to B-Line pursuant to Fed. R. Bankr. P. 3001(e)(2).[6] The Court has now reviewed the legal memoranda submitted by B-Line and the trustee and is ready to rule.[7]

Analysis

This contested matter presents the legal issue of whether insufficient documentation is a basis for disallowing a creditor's claim. B-Line relies primarily upon two recent cases, *In re Dove-*

---

assigned to B-Line. Moreover, the assignment documents show the transfer of a claim from Collect America to B-Line but do not show the initial transfer or assignment from MBNA America to Collect America.

[6] B-Line filed proof of claim no. 5 in its own name in the same amount and on the same account as the previous claim no. 3. The joint notice of transfer of claim represents that Collect America transferred or assigned claim no. 3 to B-Line pursuant to a purchase and sale agreement dated November 1, 2004.

[7] *See* Dkt. 21 and 26.

3

*Nation*[8] and *In re Heath*,[9] from the Eighth and Ninth Circuit Bankruptcy Appellate Panels respectively, holding that insufficient documentation is not one of the substantive legal grounds under § 502(b) for disallowing a claim. In his brief, the trustee expounds on his documentation objection explaining that B-Line has not attached documentation to its claim showing that B-Line is the assignee of the MBNA debt and is the proper holder of the claim. The trustee argues that this type of inadequate documentation is a basis for disallowance of a claim under § 502(b)(1). After the trustee filed his brief, B-Line submitted the notice of transfer of claim and the assignment documents referenced above, presumably in response to the trustee's brief. As noted above, however, none of the documentation submitted by B-Line shows the prior transfer or assignment of the claim from MBNA to B-Line's transferor, Collect America.

The Court notes that the trustee's objection is fairly nebulous, particularly in light of his subsequent briefing.[10] It appears that his initial position was that the attachment to claim 3 was simply insufficient and did not comply with Fed. R. Bank. P. 3001. In his brief, however, the trustee now seems to assert a question about B-Line's title to the claim. B-Line has responded to that assertion by filing its amended claim 5 which clarifies that it received the claim by assignment from Collect America. It is unclear from the record whether the trustee considers that the amendment meets his concerns. This is perhaps one of these situations in which counsel's communicating with one another might have prevented some exertion on the part of all concerned.

---

[8] 318 B.R. 147 (8th Cir. BAP 2004).

[9] 331 B.R. 424 (9th Cir. BAP 2005).

[10] *See In re Burkett*, 329 B.R. 820, 832 (Bankr. S.D. Ohio 2005) (Observing that the substantive basis for the objection to proof of claim must be described clearly in the trustee's objection.).

Section 501(a) provides that a creditor may file a proof of claim. Section 502(a) states that a proof of claim filed under § 501 is deemed allowed, unless a party in interest objects. Fed. R. Bankr. P. 3001 sets forth the requirements for a proof of claim. It provides, in relevant part:

> **(a) Form and content**
> A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.
>
> **(b) Who may execute**
> A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.
> **(c) Claim based on a writing**
> When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.
>
> \* \* \*
>
> **(e) Transferred claim**
> **(1) Transfer of claim other than for security before proof filed**
> If a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee.
> **(2) Transfer of claim other than for security after proof filed**
> If a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee. The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 20 days of the mailing of the notice or within any additional time allowed by the court. . . . If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.[11]
>
> \* \* \*
>
> **(f) Evidentiary effect**
> A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

---

[11] In the joint notice of transfer of claim filed January 18, 2006 by B-Line and Collect America the parties indicate the transfer is pursuant to Fed. R. Bankr. P. 3001(e)(2) even though proof of claim no. 3 was previously filed June 6, 2005 and the transfer notice refers to the sale and transfer under a November 1, 2004 agreement.

5

A claim for credit card debt is one that is "based on a writing" and under Rule 3001(c) requires the creditor to attach some supporting documentation in order for the claim to be prima facie valid.[12] Official Form 10 is the official proof of claim form. Here, B-Line utilized Official Form 10 (4/04). The name of the creditor was shown as "B-Line, LLC/Collect America/MBNA America Bank, N.A." suggesting to the Court that the claim had been transferred. The proof of claim was signed by one Steven G. Kane as authorized agent for B-Line, LLC indicating to the Court that B-Line was the current holder of the claim. With respect to supporting documentation, paragraph 9 of the Official Form 10 provides:

> **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgements, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.[13]

B-Line attached an account summary to the proof of claim.[14] It states that the original creditor was MBNA America Bank, N.A.

In the Court's view there are two separate inquiries with respect to the trustee's documentation objection to B-Line's claim. One, is the account summary sufficient documentation of the debt to give B-Line's claim presumptive validity or allow the claim? Two, is the failure to fully document the transfer of ownership of the claim from MBNA America to Collect America to

---

[12] *In re Cluff*, 313 B.R. 323, 334 (Bankr. D. Utah 2004).

[13] Proof of Claim No. 3. The Court notes that this language remains in the Official Form 10 as revised (10/05) upon the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[14] The Court finds it unlikely that B-Line, as a second transferee of the claim, would have possession or control of the debtor's original credit card agreement with MBNA America, any of the monthly account statements sent to the debtor, or a cumulative transaction history on the account.

6

B-Line a statutory basis for disallowance of the claim?

The Court has little hesitancy in concluding that the account summary is sufficient to allow B-Line's claim. The cases cited by B-Line appear to be the majority view regarding documentation of proofs of claims. These cases hold that while failure to attach supporting documentation to a proof of claim may not comply with Fed. R. Bankr. P. 3001(c) and deprive the claim of its presumptive validity under Fed. R. Bankr. P. 3001(f), it is not a statutory basis for disallowance of the claim.[15] The Bankruptcy Rules and instructions found on Official Form 10 do not override the statutory exceptions to allowance of the claim set forth in § 502(b).

In *In re Cluff* the bankruptcy court enumerated the information that a sufficient summary should contain: (1) the amount of the debt; (2) the name and account number of the debtor; (3) be in the form of a business record or some other equally reliable format; and (4) if the claim includes interest, late fees and attorney's fees, a breakdown of those components.[16] The court in *Cluff* concluded that a summary disclosing this information and attached to a proof of claim utilizing

---

[15] *See e.g., In re Dove-Nation*, 318 B.R. 147 (8th Cir. BAP 2004) (debtor's objection to claims overruled; account summaries attached to proofs of claim for credit card debts substantially complied with Rule 3001); *In re Heath*, 331 B.R. 424 (9th Cir. BAP 2005) (bankruptcy statute's provisions cannot be enlarged or reduced by the bankruptcy rules; § 502(b) sets forth the exclusive grounds for disallowance of claims and court was bound by plain meaning of statute; credit card issuer need not attach voluminous supporting documentation to its proof of claim but can comply with obligations under Rule 3001(c) by attaching a summary); *In re Cluff*, 313 B.R. 323 (Bankr. D. Utah 2004) (debtors' bare objections to properly filed proofs of claim with attached account summaries were insufficient to overcome prima facie validity of claims; bankruptcy rules do not effect substantive rights and court has no discretion to disallow claims for reasons beyond those stated in § 502(b)); *In re Mazzoni*, 318 B.R. 576 (Bankr. D. Kan. 2004) (failure to attach to proof of claim the writing on which the claim is based does not automatically invalidate the claim; it deprives the claim of its prima facie validity).

[16] 313 B.R. at 335.

Official Form 10 is sufficient to establish a claim's prima facie validity.[17] The document titled Account Summary attached to the proof of claim here contains the requisite information. It identifies the debtor by name and the last 4 digits of debtor's social security number. It states the total amount of the credit card debt. The proof of claim itself contains an account number by which the creditor identifies the debtor. While the Account Summary does not, however, appear to be in the form of a business record such as an account statement accepted in *Cluff*, it certainly contains enough information for the trustee to at least establish whom and how much to pay, and whether the claim asserted is indeed against the debtor. The Court notes that creditors would do well to include in their supplements or attachments a means for the trustee to verify the claim information as the creditors did in *Dove-Nation* and *Cluff*.

Even if the Account Summary is insufficient to give B-Line's claim prima facie validity, the presentation of the proof of claim and attached Account Summary is sufficient for B-Line to satisfy its initial burden of proving the existence and amount of its claim. The objecting party must still come forward with evidence to "meet, overcome, or at least equalize" B-Line's statements on the proofs of claim.[18] The Court notes that the amount of B-Line's claim is slightly less than the debts to MBNA scheduled by the debtor. The debtor does not dispute the existence or amount of the claim.[19] The trustee has taken no position, nor has he offered any evidence that would meet the

---

[17] *Id.* at 336.

[18] *In re Cluff*, 313 B.R. at 340; *In re Mazzoni*, 318 B.R. at 578-79.

[19] *See In re Burkett*, 329 B.R. 820, 829 (Bankr. S.D. Ohio 2005) (Chapter 7 trustee's objection to a credit card issuer's proof of claim based solely on lack of documentation does not provide a substantive basis for disallowing the claim, especially if debtor acknowledges the claim as a legitimate debt in his or her schedules; scheduling of debt is "strongly probative" of the claim's validity.).

presumptive validity of the information contained in the claim. And as noted previously, B-Line identifies MBNA as the original creditor.

The Court therefore concludes that the trustee's objection to B-Line's claim on the basis of inadequate documentation must be OVERRULED.

This leaves the remaining question of whether the trustee has a valid objection to the B-Line claim based upon inadequate proof that B-Line is the lawful owner of the claim. The grounds for disallowing a claim are set forth in § 502(b)(1)-(9). The only potential ground applicable here is § 502(b)(1), which states:

> Except as provided in subsections (e)(2), (f), (g), (h) and (I) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –
>
> (1) **such claim is unenforceable against the debtor and property of the debtor, under** any agreement or **applicable law** for a reason other than because such claim is contingent or unmatured;

As the trustee correctly points out, none of the insufficient documentation cases cited herein directly address the question of the creditor's ownership of the claim and whether that is a statutory basis for disallowance of the claim under § 502(b)(1).[20] Those cases are also distinguishable from the case at bar in that in those cases, the debtor objected to the claims, not the trustee.

In Collier's bankruptcy treatise, the authors describe the effect of § 502(b)(1).

> The effect of section 502(b)(1) is to make available to the trustee any defense to a claim that might have been available to the debtor. For example, if a claim would be unenforceable against the debtor or against the property of the debtor because, under applicable nonbankruptcy law, the debtor could raise the defense of usury, fraud, lack of consideration, unconscionability or the expiration of a statute

---

[20] The Court does note that in *In re Dove-Nation* the successor creditor, in response to the debtor's objection to claims, filed amended claims to include documentation evidencing the creditor's purchase of the claim from the original creditor. 318 B.R. at 149.

9

of limitations, such defense affords the trustee a basis for the disallowance of the claim in bankruptcy. In short, for the purposes of determining the allowability of a claim, the trustee is given the benefit of any defense available to the debtor of a personal nature which the debtor could have interposed, absent bankruptcy in a suit on the claim by the creditor. . . .

The types of defenses that are available to the debtor absent bankruptcy are too numerous and varied to summarize or adequately identify. The trustee can assert any of these defenses. . . .[21]

The Court concludes that trustee's objection based upon insufficient documentation proving that B-Line is the holder of the claim is a defense that would be available to a debtor in a suit on the claim and is therefore a valid basis for disallowance of a claim under § 502(b)(1).

Fed. R. Bankr. P. 3001(e) deals with claims that have been transferred. Although here B-Line and its predecessor Collect America submitted a joint notice of transfer of the claim in question and cited to Rule 3001(e)(2), the notice and documentation suggest that the transfer from Collect America to B-Line (and hence the prior transfer from MBNA to Collect America) occurred prepetition pursuant to a purchase agreement dated November 1, 2004 and prior to the filing of the proof of claim.[22]

The Court has examined *In re Broadband Wireless Intern. Corp.* which contains a good discussion of the presumed validity of properly filed claims and the shifting burdens of proof between the objecting party and the claimant.[23] In that case, a creditor's claim was disallowed under § 502(b)(1) where the claim was asserted against a non-debtor. The court held that because the

---

[21] Lawrence P. King, 4 COLLIER ON BANKRUPTCY ¶ 502.03[2][b] (15th ed. rev. 2005). *See also,* William L. Norton, Jr., 2 NORTON BANKRUPTCY LAW AND PRACTICE 2D § 41.18 (2001).

[22] In Norton's bankruptcy treatise it is stated that Rule 3001(e) "is inapplicable . . . to any prepetition transfer which is not a transfer for security." William L. Norton, Jr., 2 NORTON BANKRUPTCY LAW AND PRACTICE 2D § 41.14, p. 41-42 (2001).

[23] 295 B.R. 140 (10th Cir. BAP 2003).

proof of claim on its face did not assert any claim against the debtor it was not a properly executed claim and was not entitled to the presumption of validity. It was then incumbent upon the creditor to present some evidence to establish a debt owed by the debtor to the creditor. Failing this, the bankruptcy court properly disallowed the creditor's claim.

Here, the Court finds that B-Line's proof of claim no. 3 is made on a properly executed Official Form 10. The name of the creditor(s) and the account summary showing the original creditor as MBNA is sufficient prima facie evidence of the validity and amount of the claim. While *Broadband Wireless* recognizes that an objection raising only legal issues may be sufficient to rebut the presumption of validity,[24] B-Line here came forward with additional evidence, supplying the documentation pertaining to how it acquired the MBNA claim and showing that it is the current holder of the claim.[25] The Court discounts the inability of B-Line to specifically match the MBNA account number scheduled by the debtor. The Court has no reason to believe that an assignee of a claim would utilize the same account numbering system as its predecessor to identify the claim.

Based upon the foregoing, the Court overrules the trustee's objection to B-Line's claim number 3 and B-Line's claim is allowed as an unsecured claim in the amount of its proof of claim as filed.

# # #

---

[24] *Id.* at 145. *See also In re Manchester Gas Storage, Inc.*, 309 B.R. 354 (Bankr. N.D. Okla. 2004).

[25] *Cf. In re Payne*, 329 B.R. 815 (Bankr. N.D. Ohio 2005) (mortgage servicer that filed proof of claim in its own name not entitled to presumption of validity where servicer failed to attach documents showing that loan was ever sold to it); *In re Parrish*, 326 B.R. 708 (Bankr. N.D. Ohio 2005) (claimant who is servicer of debtor's loan must show the rights of the holder of the loan and identify itself as an authorized agent for the holder of the loan in order to have an allowed proof of claim).

11